**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Chung Ting Yu, | ) | |
| | ) | Case No.: 25-cv-00062 |
| Plaintiff, | ) | |
| | ) | Judge Honorable Elaine E. Bucklo |
| v. | ) | |
| | ) | Magistrate Judge: Heather K. McShain |
| The Partnerships And Unincorporated Associations Identified On Schedule "A", | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED THIRD-PARTY DISCOVERY AND MEMORANDUM OF LAW**

Plaintiff Chung Ting Yu, (hereinafter, "Plaintiff" or "Yu), by and through the undersigned counsel, hereby respectfully requests leave to conduct expedited discovery of third party ecommerce platforms Amazon.com, eBay.com, and Walmart.com, as well as any other identified platform or payment processor, including but not limited to Amazon.com, eBay, Walmart, Payoneer, LianLian Global, LL Pay U.S., LLC, and Lianlian Yintong Electronic Payment Co. Ltd. ("LianLian"), Paypal, Stripe and PingPong, and their related companies and affiliates. In support of its request, Plaintiff states:

1. Plaintiff is the registrant and owner of a federally protected trademark and registered trademark. [*See* The Declaration of Chung Ting Yu at Doc. 11 at ¶¶ 2-3] Plaintiff has used the Mark in U.S. commerce since 2016. [Doc. 11 at ¶5] Plaintiff's Mark was registered with the United States Patent and Trademark Office (hereinafter, "USPTO") on October 9, 2018 for use with goods in Class 14 and 35 assigned Reg. No. 5,581,294.

2. As described in the Complaint and Plaintiff's *Ex Parte* Motion for Alternate Electronic Service, Defendants are believed to be foreign nationals and/or operating businesses. (*See* Doc. 1 at ¶17). As a result, Plaintiff is unable to ascertain the true identities and financial account information associated with the Seller IDs and URL links associated with Defendant Store Names.

3. On February 3, 2025, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order. (Doc. 15). It is Plaintiff's intention that if this Court should grant its Motion for Temporary Restraining Order and Motion for Alternate Electronic Service, its undersigned counsel will immediately contact the e-commerce platforms, which are the third-parties hosting the infringing ecommerce stores displayed by Defendant stores.

4. However, Plaintiff will not have a meaningful opportunity to pursue the injunctions against the Defendants identified by e-commerce Seller IDs and e-mail notice without the opportunity to receive more identifying information for the individuals behind the Seller IDs. For example, without the ability to seek expedited discovery as requested, Plaintiff is unable to identify true names and identities and purchase or sales history over the relevant time period. Plaintiff is unable to implement an asset freeze against Defendants' accounts without this information.

5. The information in control by the third party e-commerce platforms is necessary to help the Plaintiff identify all the accounts involved in the Defendant's infringing schemes and to obtain reliable information to be used for service of process.

## MEMORANDUM OF LAW

The Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, 2007 WL 4557812, No. 1:06-cv-06964 at *15 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery. *Id*. (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

This Court and others in this judicial district routinely grant requests for expedited discovery in cases involving violations of the Lanham Act, which is implicated in the case at bar. *See ABC Corporation v. The Partnerships And Unincorporated Associations Identified On Schedule A*, 1:20-CV-02441 (N.D. Ill., Sept. 24, 2020) (Bucklo, J.) (Doc. 27); *Moomin Characters Oy, Ltd. v. The Partnerships*, Case No. 1:23-cv-04270 (N.D. Ill., July 11, 2023) (Hunt, J.); *Benefit Cosmetics LLC v. Besttomorrow Store et al.*, Case No. 19-cv-2179 (N.D. Ill., May 7, 2019) (Shah, J.); *Sun v. The Partnerships, et al.*, Case No 20-cv-220 (N.D. Ill., Jan. 21, 2020) (Alonso, J.).

As willful trademark infringers, Defendants have no privacy interest in maintaining anonymity on the internet. *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person – the system operator"). "[C]ourts have recognized that because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do not have a reasonable expectation of privacy in their subscriber

information." *Hard Drive Productions v. Does 1-48*, No. 11-cv-9062, 2012 WL 2196038, at *4 (N.D. Ill., June 14, 2012) (citations and internal punctuation omitted)

Plaintiff seeks only the limited information necessary to identify and ascertain the location of Defendants and to determine, to the greatest extent possible, the relationships between Defendants, the interworking of their infringement and counterfeiting network, the scope of each Defendant's infringements and the profits derived therefrom. Discovery of this identification information and Defendants' financial accounts so that they can be frozen as appropriate is also necessary to ensure that Defendants' infringing activities will be contained.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that the Court grant the following relief:

1) That the Court enter an order granting Plaintiff Expedited Discovery in the form submitted herewith;

2) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 3rd of February 2025.

*/s/ Lydia Pittaway*
Attorney for Plaintniff
Fla. Bar No.: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com