**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Chung Ting Yu, | ) | |
| | ) | Case No.: 25-cv-00062 |
| Plaintiff, | ) | |
| | ) | Judge Honorable Elaine E. Bucklo |
| v. | ) | |
| | ) | Magistrate Judge: Heather K. McShain |
| The Partnerships And Unincorporated Associations Identified On Schedule "A", | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE**
**OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Plaintiff Chung Ting Yu, (hereinafter, "Plaintiff" or "Yu) seeks this Court's authorization to effectuate service of process by e-mail and/or electronic publication in an action arising out of 15 U.S.C. § 1114; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq. In support of the request, Plaintiff states as follows:

**Relevant Background and Procedural History**

1. Plaintiff filed the instant civil action on January 3, 2025 in order to combat willful and intentional infringement utilizing its federally registered Trademark No. 5,581,294. ("JEWELRIESHOP" hereinafter). (D.E. 1 at ¶¶ 5).

2. Plaintiff now moves, contemporaneously with its *Ex Parte* Motion for Entry of Temporary Restraining Order, Including a Temporary Injunction (D.E. 15) and Motion for

Expedited Discovery (D.E. 13), for Electronic Service of Process Pursuant to Fed.R.Civ.Pro. 4(f)(3).

**The Court May Authorize Electronic Service of Process Pursuant to Fed.R.Civ.Pro. 4(f)(3)**

3. Fed.R.Civ.P. 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Article 1 of the Hague Convention states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." *Levi Strauss & Co. v. Zhejiang Weidu Garment Co.*, 2017WL1075389, Case No. 16-cv-07824 at *2-3 (N.D. Ill. Nov. 17, 2016); *Strabala v. Qiao Zhang*, Case No. 15-cv-1228 at n.36 (N.D. Ill., November 18, 2016) (citation omitted); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) ("Without hesitation, we conclude that each alternative method of service of process ordered by the district court was constitutionally acceptable.").

4. Even where the location and identity of the party to be served is known, "[t]he decision whether to allow alternate methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citations omitted); *see also Hinsey v. Better Built Dry Kilns, Inc.*, 2009 WL 1766883, *2, (N.D. Ind. June 22, 2009) ("Rule 4(f)(3) provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case.") (internal quotation marks and citation omitted); *see, e.g.*, *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (authorizing alternative service in China because significant delay was likely if service was sought through the Chinese Ministry of Justice); *In re LDK Solar Secs. Litig.*, 2008 WL 2415186, *1 (N.D. Cal. June 12, 2008) (authorizing an alternative means of service on Chinese defendants without first attempting

"potentially fruitless" service through the Hague Convention's Chinese Central Authority). *Strabala* at *69-70; *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention.").

5. Rule 4(f)(3) permits the court to order service by any means not prohibited by international agreement, as long as the method of service comports with constitutional notions of due process. *U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.,* 2008 WL 4299771, at *4 (N.D. Ill. Sept. 17, 2008). Service of process by e-mail has been upheld in circumstances similar to those here. *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (granting leave to serve a defendant located in China by e-mail and facsimile, and noting that because the "Hague Convention does not prohibit service by e-mail or facsimile, such means may be authorized under Rule 4(f)(3)."); *see also Phillip Morris USA v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process by e-mail in trademark action where on-line stores did not post any physical address and defendant's "business appear[ed] to be conducted entirely through electronic communications").

**Service of Process Pursuant via Fed.R.Civ.Pro. 4(f)(3) is Appropriate in the Instant Case**

6. Electronic service is appropriate and necessary in this case because the Defendants, on information and belief: (1) have provided incomplete and/or false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third party service providers and

customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. Authorizing service of process solely via e-mail and/or electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

7. In the experience of the undersigned counsel in anti-infringement investigations, email is a reliable mechanism for quickly providing notice to operators of online stores in similar cases. Indeed, defendants in previous and ongoing cases I have and continue to prosecute have confirmed receipt of actual notice via email.

8. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. This Court and others in the Northern District of Illinois regularly permit service of process on overseas trademark infringers to be completed via Rule 4(f)(3) under similar circumstances. *See ABC Corporation v. The Partnerships And Unincorporated Associations Identified On Schedule A*, 1:20-CV-02441 (N.D. Ill., Sept. 24, 2020) (Bucklo, J.) (Doc. 27); *Moomin Characters Oy, Ltd. v. The Partnerships*, Case No. 1:23-cv-04270 (N.D. Ill., July 11, 2023) (Hunt, J.); *Benefit Cosmetics LLC v. Besttomorrow Store et al.*, Case No. 19-cv-2179 (N.D. Ill., May 7, 2019) (Shah, J.); *Sun v. The Partnerships, et al.*, Case No 20-cv-220 (N.D. Ill., Jan. 21, 2020) (Alonso, J.).

**Prayer for Relief**

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

1) Entry of an order, in the form submitted herewith, permitting Plaintiff to serve Defendants via email and electronic publication;

2) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 3rd of February 2025.

/s/ Lydia Pittaway
Bar No. 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: lpittaway@fordbanister.com
*Attorney for Plaintiff*