**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Chung Ting Yu, | ) | |
| | ) | Case No.: 25-cv-00062 |
| Plaintiff, | ) | |
| | ) | Judge Honorable Elaine E. Bucklo |
| v. | ) | |
| | ) | Magistrate Judge: Heather K. McShain |
| The Partnerships And Unincorporated Associations Identified On Schedule "A", | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF LYDIA PITTAWAY IN SUPPORT OF PLAINTIFF CHUNG TING YU's *EX PARTE* APPLICATION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION AND A TEMPORARY ASSET RESTRAINT**

I, Lydia Pittaway, declare and state as follows:

1. I am over 18 years of age.

2. I have personal knowledge of the facts set forth herein.

3. I make this declaration in support of Plaintiff Chung Ting Yu's *Ex Parte* Application for Entry of a Temporary Restraining Order, Including a Temporary Injunction and a Temporary Asset Restraint. ("Motion for TRO").

4. If called upon to do so, I could and would competently testify to the following facts set forth below.

5. I am a licensed attorney and admitted to practice before the Northern District of Illinois.

6. I am one of the attorneys for Plaintiff in the instant case. I have reviewed the detailed web pages and evidence photos captured and filed in this case as Exhibit Three to the

Declaration of Chung Ting Yu. (Doc. 11-2). Specifically, I have reviewed the images and depictions displayed on the websites, including the domain name, product listing and representations of the product with detailed seller information listing for all sellers identification numbers listed on the Amended Schedule “A”.

7. Since 2021, I have and continue to prosecute actions under the Lanham Act and Copyright Act against primarily overseas ecommerce sellers. As a result of my experience, I have acquired knowledge regarding behavior indicative of infringement. After reviewing the evidence provided in this case, it is apparent that the activity of the sellers identified in the Amended Schedule “A” and their listings are consistent with the general infringement pattern of activity as described in paragraphs 11-20, *infra*.

8. In my experience in supervising anticounterfeiting and infringement investigations, I have found that overseas ecommerce sellers that violate U.S. intellectual property rights frequently operate in large, interlocking networks.

9. In order to avoid liability and being shut down, pirating infringers like the Defendants in the instant case frequently register their ecommerce stores under false names and/or create layers of shell companies.

10. I have come to this conclusion, in part, through extensive examination of expedited discovery production from ecommerce platforms consisting of registration information provided by ecommerce sellers that typically lacks vital information, including complete names, addresses and telephone numbers.

11. Even where the information provided to the ecommerce platforms by the ecommerce sellers appears to be legitimate or indicates that the ecommerce sellers are in the United States, the information provided may be fake.

12. Pirating copyright infringers like Defendants sometimes utilize the identifying information of American individuals and businesses to set up and operate their ecommerce stores without their knowledge or consent. These include individuals and businesses within the State of Illinois.

13. Identifying information provided by pirating copyright infringers like Defendants to ecommerce platforms is inherently unreliable with the exception of the email addresses that are relied upon by Defendants to access their accounts and to receive communications from the platform.

14. When defendants in intellectual property suits I have and continue to prosecute have been served with a lawsuit, I have observed the spoliation of evidence, including the modification of registration information to indicate different owners.

15. The Defendants in the instant case do business through at least the Amazon, eBay and Walmart ecommerce platforms. Defendants use e-commerce platforms such as Amazon to support and drive consumer traffic to their counterfeiting operation. For example, individual merchants operating through Amazon, such as the sellers on Schedule "A", have their payments processed on their behalf using a cross-border payments platform including but limited to Paypal. Amazon is thus not the ultimate merchant, because it accepts and processes payments on behalf of its individual sellers, it can tie a particular Seller ID using the seller's unique merchant identification number to a reported transaction and identify the merchant's funds held in sub-accounts within the aggregate account.

16. Based on past experience in similar cases with third party platforms, I reasonably believe that these platforms and Payoneer and Paypal, and their related companies and affiliates,

have the ability to and will in fact comply with a temporary restraining order of the type now sought by Plaintiff.

17. Many Defendants' e-commerce stores have provided incomplete and/or false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal their locations and avoid liability. In addition, many Defendants have addresses, phone numbers, and other contact information provided in the Defendants' e-commerce stores indicate that Defendants may reside in or operate from foreign countries, including the People's Republic of China ("China"), or other . All of the Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action.

18. The ecommerce stores at issue are under Defendants' complete control. Thus, Defendants have the ability to change the ownership or modify e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership rights to the Seller IDs. Such modifications can happen in a short span of time after Defendants are provided with notice of this action.

19. Thus, Defendants can easily electronically transfer and conceal the funds sought to be restrained if they obtain advance notice of Plaintiff's Motion for Temporary Restraining Order and thereby thwart the Court's ability to grant meaningful relief and eviscerate the status quo.

20. Suspected foreign online perpetrators such as Defendants are likely to cause irreparable harm by avoiding judgments rendered in United States courts through the use of their concealed internet identity.

21. Absent a temporary restraining order without notice, Defendants can and may significantly alter the status quo before the Court can determine the parties' respective rights.

22. At this time, I am unaware of the true identities of the Defendants.

23. The undersigned has not yet noticed Defendants of the instant action.

24. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend its Complaint accordingly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief at the time of presentation. Executed on this 3rd of February, 2025 at Fort Pierce, Florida.

*/s/ Lydia Pittaway*
Fla. Bar No: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com
*Attorney for Plaintiff*