**BC**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**



Case No. 2025-cv-00062
Judge Elaine E. Bucklo

**Chung Ting Yu**
*Plaintiff,*
v.
**The Partnerships and Unincorporated Associations Identified on Schedule A**
*Defendants.*

---

### COUNTERCLAIM AND DEFENSE STATEMENT

**Submitted by: Avidor Aronsfeld**

---

I, Avidor Aronsfeld, appearing pro se, respectfully submit this Defense Statement and Counterclaim in response to the Plaintiff's complaint and the Court's Temporary Restraining Order (TRO), which has caused unjustified disruption to my business operations.

---

### I. DEFENSE TO PLAINTIFF'S CLAIMS

#### 1. Lack of Personal Jurisdiction

This Court lacks specific personal jurisdiction over me under well-settled precedent in the Northern District of Illinois and the Seventh Circuit:

- I have **not sold** any allegedly infringing product to residents of Illinois.
- I have **not purposefully directed** any business activities toward Illinois.
- My stores merely exist on an e-commerce platform (eBay) accessible nationwide, without any targeted marketing or outreach to Illinois consumers.

The controlling case law is unequivocal:

- In *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014), the Seventh Circuit held that **mere accessibility of a website** is not sufficient to establish specific jurisdiction.
- In *NBA Properties, Inc. v. Partnerships*, 549 F. Supp. 3d 790 (N.D. Ill. 2021), the court found that **personal jurisdiction only attaches when a defendant knowingly engages in sales to Illinois**.
- In *SHENZHEN DEJIAYUN NETWORK TECHNOLOGY CO., LTD. v. The Partnerships*, No. 21-cv-06607 (N.D. Ill. 2024), the Court explicitly held that **listing a product with an Illinois shipping option, without an actual sale, does not create jurisdiction**.

There is no evidence that any sales occurred, let alone to Illinois. Any suggestion that jurisdiction has been "manufactured" via a test purchase would be similarly unavailing. See *Matlin v. Spin Master Corp.*, 921 F.3d 701 (7th Cir. 2019).

### 2. No Actual Sales

No product was sold—neither in Illinois nor elsewhere. The Plaintiff's own exhibits, which merely show listings, **fail to prove any completed transactions**. Without an actual sale, no trademark infringement, consumer confusion, or injury could have occurred.

### 3. Good Faith and Absence of Malice

I operated my stores in **good faith**, sourcing items from reputable platforms and removing any disputed listings immediately upon receipt of this action. I have always made every effort to ensure that the goods are lawful to sell.

### 4. First Sale Doctrine

Should any product have been lawfully acquired and resold, such activity is protected under the **First Sale Doctrine** (*Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013)). The Plaintiff cannot enforce trademark rights downstream after an authorized first sale.

---

## II. COUNTERCLAIM FOR DAMAGES

As a direct result of the improperly granted TRO, my business operations have been frozen **since approximately March 10, 2025**. The Plaintiff's unsupported and jurisdictionally flawed lawsuit has caused substantial harm.

### 1. Frozen Funds and Business Interruption

- My eBay funds were frozen due to the TRO. These funds remain inaccessible as of today—**over three weeks** later.
- The stores listed in Schedule A have been rendered inoperable, leading to **loss of business, reputational harm**, and daily financial injury.

### 2. Compensatory Damages

I seek the following relief as a result of the TRO's unjustified and premature imposition:

- **$95 per day** in lost profit for **each day** my stores have remained frozen.
- From March 10 through March 26 (17 days): 17 x $95 = **$1,615**
- Continuing accrual: $95 per day until the TRO is lifted and store access is fully restored.

### 3. Attorney Fees and Further Remedies Reserved

Though I currently appear pro se, I reserve the right to seek **attorney fees and sanctions** under 28 U.S.C. § 1927 and the Court's inherent powers, should the Plaintiff persist in litigating a baseless claim designed to intimidate and extract settlements from small sellers.

Additionally, I reserve the right to bring claims for:

- **Tortious interference with business expectancy**

- **Abuse of process**
- **Wrongful injunction damages**

---

### III. REQUEST FOR RELIEF

Given the above, I respectfully request that the Court:

1. **Dismiss all claims** against me with prejudice due to lack of personal jurisdiction and failure to state a claim.
2. **Dissolve the TRO** immediately as it pertains to me and any stores under my control.
3. **Award compensatory damages** in the amount of **$1,615**, with continued accrual at **$95/day**.
4. **Grant such other and further relief** as the Court deems just and proper, including costs and fees associated with defending against this meritless action.

---

**Respectfully submitted,**
Avidor Aronsfeld
[ruhama231, store7479, COOL-GIFT-FOR-ALL, magirud-0]
March 26, 2025