


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Case No. 2025-cv-00062
Judge Elaine E. Bucklo

Chung Ting Yu,
   *Plaintiff*,

v.

The Partnerships and Unincorporated Associations Identified on Schedule A,
   *Defendants*.

**MOTION TO CLARIFY DEFENDANT IDENTITY, RECOGNIZE PRIOR FILING AS MOTION TO DISMISS, AND REQUEST FOR RELIEF**

**Submitted by: Avidor Aronsfeld (Appearing Pro Se)**

Now comes Avidor Aronsfeld, appearing pro se, and respectfully moves this Honorable Court to:

1. Recognize that I am the individual associated with the following Defendants as listed in Schedule A:
    - **COOL-GIFT-FOR-ALL** – Defendant No. 55
    - **magirud-0** – Defendant No. 83
    - **ruhama231** – Defendant No. 105
    - **store7479** – Defendant No. 111

2. Treat my prior filing dated March 26, 2025, titled "Counterclaim and Defense Statement," as a formal Motion to Dismiss for Lack of Personal Jurisdiction and a Request to Dissolve the Preliminary Injunction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Grant the relief requested in that filing, which I reassert herein, including dismissal of all claims and dissolution of the TRO as applied to me.

**I. CLARIFICATION AND CONTEXT**

I am a private individual residing in Israel and the sole operator of the above stores. These are not business entities or corporations, but rather personal e-commerce accounts operated solely by me.

**Due to my recent reserve military service, I only became aware of this lawsuit after returning. My previous filing was made in good faith to address what I believe is a mistaken inclusion of my stores in this matter.**

---

II. LACK OF PERSONAL JURISDICTION

**This Court lacks personal jurisdiction over me because I have not directed any business activities toward the State of Illinois. The mere fact that my e-commerce stores are accessible online is insufficient to establish jurisdiction.**

**Specifically:**

- **I have not sold any product—allegedly infringing or otherwise—to any customer in Illinois.**

- **My stores are accessible globally on platforms such as eBay, but I have never targeted marketing, advertising, or shipping specifically to Illinois residents.**

- **No evidence exists of any completed transaction with a customer located in Illinois.**

- **Any attempt to establish jurisdiction via an investigator purchase would constitute "manufactured jurisdiction," which courts in this District have consistently rejected.**

**This position is well-supported by binding and persuasive case law:**

- *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*, **751 F.3d 796 (7th Cir. 2014) – Website accessibility alone does not confer specific jurisdiction.**

- *Matlin v. Spin Master Corp.*, **921 F.3d 701 (7th Cir. 2019) – A test purchase orchestrated by the plaintiff does not establish purposeful direction toward Illinois.**

- *Unincorporated Assocs., 2021 WL 3187706* **(N.D. Ill. July 28, 2021) – An interactive website is not enough; there must be actual intent to do business in Illinois.**

- *Conti-Bros, Inc. v. The P'Ships*, **No. 21-cv-02352 (N.D. Ill. Aug. 13, 2021) – Jurisdiction requires actual transactions or targeted activity.**

- *SHENZHEN DEJIAYUN NETWORK TECHNOLOGY CO., LTD.*, **21-cv-06607 (N.D. Ill. Feb. 2, 2024) – Merely populating an Illinois shipping field is insufficient without a real sale.**

- *TV Tokyo Corp.*, **23-cv-03091 (N.D. Ill. Oct. 5, 2023) – Dismissal granted where there was no evidence of intentional business with Illinois.**

- *Rubik's Brand Ltd.* **– Online product listings with hypothetical shippability to Illinois do not suffice.**

**Accordingly, because there were no actual sales to Illinois, no intent to direct activity there, and no minimum contacts related to the alleged claims, the Court lacks personal jurisdiction under both due process standards and long-standing precedent.**

---

### III. WILLINGNESS TO RESOLVE

**Should the Plaintiff agree to voluntarily dismiss the claims against me and remove my stores from the case, I am fully willing to withdraw all counterclaims and cease further filings—without any admission of liability or wrongdoing.**

---

### IV. REQUEST FOR RELIEF

**Accordingly, I respectfully request that the Court:**

1. Recognize me as the individual associated with Defendants Nos. 55, 83, 105, and 111.
2. Treat my March 26, 2025 filing as a Motion to Dismiss and for Dissolution of the Preliminary Injunction.
3. Dismiss all claims against me for lack of personal jurisdiction.
4. Dissolve the TRO as it pertains to my stores.
5. Grant any other relief the Court deems just and proper.

**Respectfully submitted,**
**Avidor Aronsfeld**
**April 7, 2025**